FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JUL 13 AM 9:13

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STATE OF LOUISIANA                    CIVIL ACTION

VERSUS                                NO: 07-3683

DAVID SAMPY                           SECTION: "J" (1)

### ORDER

Before the Court is defendant's Notice of Removal (Rec. Doc. 1) pursuant to 28 U.S.C. § 1443. This criminal prosecution originated in the Thirty Second Judicial District Court, Terrebonne Parish, Louisiana, where defendant was charged with four counts of insurance fraud.

For the reasons set forth in *Louisiana v. Sutherland*, No. 99-cr-0378, 1999 WL 1072897 (E.D. La. Nov. 22, 1999)(Barbier, J.), it is hereby **ORDERED** that the above case is **REMANDED** to the Thirty Second Judicial District Court, Terrebonne Parish, Louisiana.

New Orleans, Louisiana this the 12th day of July, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

Westlaw.

Not Reported in F.Supp.2d                                                                 Page 1
Not Reported in F.Supp.2d, 1999 WL 1072897 (E.D.La.)
(Cite as: Not Reported in F.Supp.2d)

State v. Sutherland
E.D.La.,1999.
Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.
STATE of Louisiana
v.
Nelvin SUTHERLAND, Mary Ann Villavaso, Albert Clark, Edward Hall, Dyan French Cole, Oliver Rodrique Jr., Darrell Gerard Favorite, Elaine Marie Favorite, Geraldine Noriko Cuddihy, Jacquelyn Ferchaud Levy, Rodger Lester Ferchaud, James Paul Jasmin, James Phillip Ambrose, Llewelyn Joseph Soniat, and Catherine Lebeouf Moore
No. CRIM. A. 99-0378.

Nov. 22, 1999.

BARBIER, J.
*1 Before the Court is defendants' Notice of Removal (Rec.Doc. 1) pursuant to 28 U.S.C. § 1443. This criminal prosecution originated in the Twenty Third Judicial District Court, St. James Parish, Louisiana, where each defendant was charged with interfering with an educational institution, LA. REV. STAT. 14:328, and disobeying a command to disburse, LA. REV. STAT. 14:329.5.

Defendants seek to avail themselves of the Court's jurisdiction under 28 U.S.C. § 1443 which has been interpreted as requiring that the removing criminal defendants show: "(1) the right allegedly denied it arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law." *Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir.1982).

The Court finds that the removing petitioners have not made the required showing that the state criminal prosecution would deny a specific right rooted in a claim of racial equality.

In this case, the removing petitioners merely allege that the prosecutions would deny "their rights under the First Amendment to the Constitution of the United States." Notice of *Removal*, ¶ 4, at 3. Claims of First Amendment or general constitutional deprivations provide an insufficient showing for *removal* under Section 1443. *See Georgia v. Spencer*, 441 F.2d 397, 398 (5th Cir.1971) (holding that *removal* was unavailable under Section 1443 where *criminal* defendant generally claimed violations of free speech and due process).[FN1]

   FN1. *See also Louisiana v. Geason*, No. 99-376 (E.D.La. Nov. 16, 1999) (remanding related state *criminal* prosecution); *Louisiana v. Ambrose*, No. 99-377 (E.D.La. Nov. 16, 1999) (same).

Accordingly,

IT IS ORDERED that this case should be and is hereby REMANDED to the Twenty Third Judicial District Court for the Parish of St. James, Louisiana.

E.D.La.,1999.
State v. Sutherland
Not Reported in F.Supp.2d, 1999 WL 1072897 (E.D.La.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.